*Northern District*

No. 4830

## FRANKLIN NATIONAL INSURANCE COMPANY OF NEW YORK

v.

## EDMUND J. GAUDETTE

(July 5, 1955)

*Gadsby, P. J.* This is an action of contract to recover $550.00 for breach of contract, money had and received and/or on an account annexed. (*Valentini, J.*)

It appeared that the plaintiff issued a policy to the defendant covering loss of fire on his truck; that the defendant did have a fire loss and the plaintiff paid him the sum of $550.00; that the defendant did sign a subrogation receipt for assignment of claim to the plaintiff; that the defendant failed to cooperate with the plaintiff in accordance with the provisions of the insurance policy issued to him and the subrogation and assignment that he executed.

The defendant failed to appear as a witness in the case of the plaintiff who started suit in the name of the defendant Gaudette, its assignor, against one, Lamontage. The plaintiff's contention is that as a result of the lack of cooperation on the part of the defendant, Mr. Gaudette, it suffered damage of $550.00, which had been paid by the plaintiff to Gaudette, under his policy. The plaintiff filed six requests for rulings of law and the Court denied requests numbered 3 and 6, which are as follows:

3. If the Court finds that the defendant has breached the terms of his contract with the plaintiff and that the plaintiff has fully performed all of its obligations under the said contract, then the Court's finding must be for the plaintiff and it is entitled to recover of the defendant all damages that flow out of the said breach, including reasonable attorney's fees.

6. On all the evidence a finding for the plaintiff is warranted.

The Court disallowed request number 3 for the reason that although it is a correct statement of law, it was inapplicable to the case at bar because there was no evidence of damages and no evidence of what reasonable attorney's fees should be.

The Court disallowed request number 6, because it did not conform to the rules of the Court. The Court made a finding for the plaintiff and assessed damages in the sum of One ($1.00) Dollar.

We see no error in the denial of requests for rulings numbers 3 and 6. The Court has found that request number 3 was inapplicable because there was no evidence of damages and no evidence of what reasonable attorney's fees should be. As far as request number 6 is concerned, there were no specifications as required under Rule 27.

As was said by Rugg, C. J., in *John Hetherington & Sons, Ltd. v. William Firth Co.*, 210 Mass. 8, 21: "The fundamental principle of law upon which damages for breach of contract are assessed is that the injured party shall be placed in the same position he would have been in, if the contract had been performed, so far as loss can be ascertained to have followed as a natural consequence and to have been within the contemplation of the parties as reasonable men as a probable result of the breach, and so far as compensation therefor in money can be computed by rational methods upon a firm basis of facts." See *N. E. Iron Works Co. v. Jacob*, 223 Mass. 216, 220.

In *Lowrie v. Castle*, 225 Mass. 37, at 52, the Court said, "When the elements, upon which the claim for

prospective profits rests, are numerous and shifting contingencies whose relation to the wrong complained of is problematical, and such profits are not probable with assurance as a trustworthy result of the alleged cause, then there can be no recovery. Manifest ambiguities in ascertaining what would have been the course of events in the face of complicated factors, under circumstances which never have come to pass, and inherent difficulties in calculating the amount of prospective gains, prevent the recovery of damages. Pure chances lying between the alleged wrong and the anticipated profits, dependent upon unsettled conditions, render impracticable the assertion of cause and effect."

We are of opinion that there were no facts introduced and no finding of facts which could constitute a firm basis for the assessment of damages to the plaintiff. No expert was asked to give his opinion on the probable outcome of the collateral matter, nor to evaluate the merits of the plaintiff's claim against a third person.

In view of the fact that the claim of the plaintiff rested chiefly on conjecture and speculation, since we do not know what the result would have been if the defendant did appear at the trial in which the plaintiff sued as assignor, we feel that the Court was correct in awarding only nominal damages of One ($1.00) Dollar.

Therefore there being no prejudicial error committed by the trial judge, *the report is ordered dismissed*.

Ralph E. Gott, for the plaintiff.

Eldred L. Field, for the defendant.